UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| **General Aluminum Mfg. Company,** | ) | **CASE NO. 1:15 CV 2214** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Apogee Technology, Inc., et al.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |


<u>**Introduction**</u>

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 8).  This is a diversity of citizenship case involving an alleged breach of contract. For the following reasons, the motion is GRANTED in PART and DENIED in PART.

<u>**Facts**</u>

Plaintiff General Aluminum Mfg. Company, a Mayfield Heights, Ohio corporation, brought this Complaint against defendants Apogee Technology, Inc. and C. Edward Eckert, Ph.D., both of Pennsylvania. The Complaint alleges the following.

Plaintiff is an industrial metal manufacturer and supplier. During the manufacturing

1

process of aluminum, various scraps are developed which need to be used, recycled, or disposed of in some manner. Defendant Apogee claimed to have developed an innovative method for the handling of the aluminum scraps through its development of a so-called IsoThermal Melting Chip Melter Furnace (ITM Equipment). Eckert is the majority shareholder of Apogee. On March 16, 2012, plaintiff and defendants entered into a Memorandum of Understanding (MOU) for the development and financing of the ITM Equipment.  The parties entered into Loan Agreements on August 2, 2012 and February 4, 2013. The MOU and Loan Agreements were terminated and the notes cancelled under the terms of a Loan Agreement entered into by plaintiff and defendants on March 15, 2013 (the Loan Agreement).  The Loan Agreement was for the amount of $350,000 and was evidenced by that agreement, the Secured Note, and the Security Agreement.  Pursuant to the Loan Agreement, plaintiff was to be repaid the $350,000 under the terms of the  Secured Note by giving Apogee a monthly installment credit equal to 50% of Apogee's portion of the total project savings from the melting of aluminum contemplated under a formula derived by the parties. Defendants gave plaintiff a security interest in the Isothermal Melter as collateral to secure payment of the Note. As additional security, Eckert irrevocably and unconditionally indemnified the guarantees and representations made by Apogee in the Loan Agreement. Defendants breached several provisions of the Loan Agreement, Secured Note, and Security Agreement by, among other things, failing to make the required payments to plaintiff.

Four claims are asserted. Count One alleges breach of the Loan Agreement.  Count Two alleges Breach of the Secured Note.  Count Three alleges breach of Eckert's personal guaranty.  Count Four alleges breach of the Security Agreement.

2

This matter is now before the Court upon defendants' Motion to Dismiss.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555.

**Discussion**

Defendants move to dismiss on several bases.

**(1) Amount in Controversy**

Defendants maintain that plaintiff's contention that the amount in controversy is satisfied based on the allegation that defendants have failed to repay the loans in the amount of $350,000 is insufficient to prove subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332(a), a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a). Explaining the amount in controversy requirement, the United States Supreme Court held:

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  The inability of the plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim.  But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for purpose of conferring jurisdiction, the suit will be dismissed.  Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938).  *See also*

*Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961); *Rosen v. Chrysler Corp.*,

205 F.3d 918, 920-921 (6th Cir. 2000); *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415,

4

416 (6th Cir. 1996); *Gafford v. General Electric Co.*, 997 F.2d 150, 157 (6th Cir. 1993);

*Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

Defendants assert that while the principal amount of the loan was $350,000, the

amount actually owed depends upon facts not pleaded in the Complaint.  In particular, under

the terms of agreement, Apogee was entitled to receive certain credits against the outstanding

loan balance based on the performance of the ITM Equipment.  But, plaintiff has failed to

plead facts relating to the performance or credits issued.

Defendants' argument fails because the Complaint alleges that the principal sum of the

loan is $350,000 and that defendants never made any required payments under the agreement.

Plaintiff asserts that it did not plead any facts about credits owed to Apogee because there are

no facts to support any such credits owed given that the equipment never worked. There is no

evidence, to a legal certainty, that plaintiff cannot recover at least $75,000.

**(2) Personal jurisdiction**

Defendants contend that there is no valid basis for this Court to exercise personal

jurisdiction over Eckert. For the following reasons, this Court agrees.

The plaintiff always bears the burden of establishing that personal jurisdiction exists.

*Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  The

plaintiff's burden is to make a *prima facie* showing that personal jurisdiction exists in order to

defeat dismissal.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)  A *prima facie* showing is

made by "establishing with reasonable particularity sufficient contacts between [defendant]

and the forum state to support jurisdiction."  *Neogen Corporation v. Neo Gen Screening, Inc.*,

282 F.3d 883, 887 (6th Cir. 2002) (internal citations omitted).

5

The Sixth Circuit has clearly set forth the standard of review in a diversity case, as alleged to be the basis of subject matter jurisdiction here:

> [A] plaintiff must satisfy the state-law requirements for personal jurisdiction. Thus, [the plaintiff] must demonstrate that both due process and Ohio's long-arm statute are satisfied. We have recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits. Therefore, we begin by analyzing whether the requirements of Ohio's long-arm statute are met and then separately consider whether the exercise of jurisdiction would comport with due process.

*Schneider v. Hardesty*, 669 F.3d 693 (6th Cir. 2012) (citations omitted). Ohio's long-arm statute, establishing a statutory basis for jurisdiction over foreign defendants, states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> ...
>
> Ohio Rev.Code § 2307.382(A).

If the exercise of jurisdiction is proper under this statute, the Court looks to whether due process is satisfied:

> There are two forms of personal jurisdiction: general and specific. General jurisdiction is found where contacts are so continuous and systematic as to render a foreign defendant essentially at home in the forum State. Specific jurisdiction depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.
>
> ***
>
> [Specific jurisdiction employs a three-part analysis:] (1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough

6

connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Schneider,* 669 F.3d at 701 (citations and internal quotation marks omitted).

However, "It is clear under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir.2012).

Plaintiff argues that based on the facts alleged in the Complaint, the Court has personal jurisdiction over Eckert. Plaintiff points to Ohio Rev.Code § 2307.382(A)(1), (2), and (3), above.  Plaintiff asserts that the Loan Agreement shows that Eckert executed it personally and is a party to that agreement. Therein, he agreed to "indemnify and hold harmless [plaintiff] from any and all losses resulting from or arising out of any breach of the representations contained in this Loan Agreement."  As a result, plaintiff asserts that Eckert agreed to be personally liable under the Loan Agreement. The Complaint alleges that both defendants failed to make the required payments to plaintiff. The agreement provided that its fulfillment depended on the performance of the equipment in Ohio.  Plaintiff further states that the Loan Agreement shows that the parties agreed that the law governing the agreement is that of Ohio, and the parties submitted to the nonexclusive jurisdiction of any state or federal court within this county.

The Court finds personal jurisdiction lacking over Eckert.  Under Paragraph 9 of the Loan Agreement, Apogee and GAMCO (plaintiff) agreed to the nonexclusive jurisdiction of any state or federal court located within Cuyahoga County, Ohio. Paragraph 9 does not make a reference to Eckert. Moreover, the Court agrees with defendants that Eckert is a party to the Loan Agreement only in a limited capacity upon which the allegations of the Complaint are

7

not based.  This will be addressed below with regard to the personal guaranty claim.

For these reasons, Eckert is dismissed from the lawsuit.

**(3) Failure to state a claim for breach of contract**

Defendants argue that the Complaint fails to state a claim for breach of contract as to the Loan Agreement, Note, or Security Agreement.  This Court disagrees.

As acknowledged by defendants, a breach of contract claim under Ohio law requires 1) the existence of a contract, 2) performance by the plaintiff, 3) breach by the defendant, and 4) damages or loss to the plaintiff. Defendants assert that the Complaint's allegations that defendants beached the Loan Agreement, Note, Eckert's personal guarantee, and Security Agreement by failing to pay off the loan when due only amounts to conclusory pleading. The Court finds the pleading sufficient to survive a motion to dismiss where it contains facts concerning the formation of the Loan Agreement and attaches a copy of the executed agreement.  It also alleges that plaintiff performed its obligations under the agreement while defendants breached it by failing to repay the loan.  The Complaint also states that plaintiff suffered damages arising from the breach.

Defendants also argue that specific provisions in the Loan Agreement show that the Complaint does not establish a plausible claim for relief or, alternatively, the plaintiff should be forced to replead with greater specificity.  Defendants' argument is not persuasive. Defendants point out that Paragraph 3 of the Loan Agreement states that plaintiff shall credit Apogee "as repayment of the Secured Note, monthly installments equal to 50% of Apogee's portion of the total project savings..." resulting from the ITM equipment. Apogee agreed to repay only amounts remaining after the credits were applied.  The ITM equipment was

8

intended to pay for itself and Apogee only owed payment to plaintiff if the project failed to meet its cost-savings targets, and then only if the failures were not plaintiff's fault. Despite the fact that plaintiff had exclusive knowledge of the performance of the ITM Equipment subsequent to its installation, it failed to plead facts relating to the performance.

The Court agrees with plaintiff that these arguments go to what degree the agreement was allegedly breached and not whether the Complaint fails to state a plausible claim for breach of the Loan Agreement.  Defendants' argument does not justify dismissing the breach of contract claims on a motion to dismiss.

**(4) Failure to state a claim for breach of the personal guaranty**

Count Three alleges breach of the personal guaranty.  The claim alleges the following. Eckert executed and delivered the Loan Agreement to plaintiff in his personal capacity. Pursuant to the guaranty, Eckert guaranteed the representations and personally indemnified the terms of the Loan Agreement. He is in default of the terms and conditions of the guaranty for non-payment of the loan although plaintiff has performed its obligations under the agreement.  The claim relies on the Loan Agreement by stating, "See Exhibit 1."

Defendants assert that contrary to the allegations of the Complaint, Eckert did not execute any general personal guaranty or otherwise agree to personal liability for the loan. This Court agrees.

The Loan Agreement, executed by Eckert, states in the initial recital, that the Loan Agreement is entered into between plaintiff, Apogee, and Eckert "(solely for the representation and indemnification below)".  Recital E states, "GAMCO desires to loan to Apogee and Apogee agrees to accept and repay such loan upon the following terms and

9

conditions."  Plaintiff points to Paragraph 6 as evidence of the personal guaranty.  But that paragraph states in pertinent part, "Eckert shall indemnify and hold harmless GAMCO from any and all Losses resulting from or arising out of any breach of the representations contained in this Loan Agreement."   Paragraph 4 identifies the "Representations and Warranties of Apogee and Eckert."  These representations include that "Apogee is a duly formed and validly existing corporation...", "Eckert is a majority shareholder of Apogee and this Loan Agreement...", "Apogee will use the Loan proceeds for operational improvements...", etc. These representations do not contain any provision relating to repayment of the loan by Eckert.

Additionally, Paragraph 5 of the Loan Agreement identifies "Events of Default." Paragraph 5(a) states, "Apogee shall fail to pay any amount payable pursuant to this Loan Agreement or the Secured Note after the date when such payment is due and payable."  This is consistent with Recital E which states that Apogee was to repay the loan. The only "event of default" which mentions Eckert is Paragraph 5(b) which states, "Any breach by Eckert of any representation in this Loan Agreement." The representations are listed in Paragraph 4. Repayment by Eckert is not mentioned in Paragraph 5 or 4.

For these reasons, Count Three is dismissed as well as any count against Eckert in his personal capacity.[1]

**Conclusion**

For the foregoing reasons, the Motion to Dismiss is granted as to the personal liability

---

[1]   To the extent the breach of contract claim (Count One) is alleged against Eckert in his personal capacity, that portion is dismissed.

10

and personal jurisdiction over Eckert. The motion is denied in all other respects.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan                            
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/8/16